IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MICHELE NISCHAN, | ) | |
| | ) | Case No.: 13-cv-50389 |
| Plaintiff, | ) | |
| | ) | Judge: Frederick J. Kapala |
| v. | ) | |
| | ) | Magistrate Judge: Iain D. Johnston |
| STRATOSPHERE QUALITY LLC, CHRYSLER | ) | |
| MOTOR GROUP LLC, and ABBAS SABAH | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT STRATOSPHERE QUALITY LLC'S
<u>PARTIAL MOTION TO DISMISS</u>**

Plaintiff, by her counsel, respectfully submits the following Response in Opposition to Defendant Stratosphere Quality LLC's Partial Motion to Dismiss.

## Introduction

Plaintiff has filed a five-count Complaint alleging that each of the Defendants is liable for Sexual Harassment in violation of Title VII and the Illinois Human Rights Act ("IHRA") (Count I), Gender Discrimination in violation of Title VII and the IHRA (Count II), Retaliation in violation of Title VII and the IHRA (Count III), Intentional Infliction of Emotional Distress ("IIED") (Count IV), and Assault & Battery (Count V).

Defendant Stratosphere has answered Counts I and III of Plaintiff's Complaint, but moved for partial dismissal of Count II, Count IV, and Count V pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim, and partial dismissal of Count IV and Count V pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction. Defendant Stratosphere ignores the appropriate standards for evaluating claims on FRCP 12 Motions to Dismiss, and its motion should be denied in its entirety.

**Background**

Plaintiff worked for Defendant Stratosphere and Defendant Chrysler between June 2012 and September 2012. [Doc. 1, ¶¶16-31] On multiple occasions throughout her employment, Defendant Sabah, the manager in charge of the lot Plaintiff worked on, engaged in the following unwanted conduct: hugging Plaintiff while moaning [Doc. 1, ¶¶36-37]; coming up behind Plaintiff and touching his penis to her buttock or hip, while moaning [Doc. 1, ¶41]; putting his arms around Plaintiff's chest, moaning, and telling Plaintiff that "they are really firm" [Doc. 1, ¶43]; asking Plaintiff if she could handle and/or liked "small, medium or large," referring to penis size [Doc. 1, ¶44]. Plaintiff rejected each and every of Sabah's unwanted sexual advances. [Doc. 1, ¶¶ 38, 40, 42, 43, 45, 49, 51, 56] Jim Harris, a manager with Defendant Stratosphere, received complaints about Sabah's unwanted touching from Stratosphere's other employees and even witnessed incidents of Sabah's inappropriate behavior towards Plaintiff. [Doc. 1, ¶¶85-87] Additionally, Plaintiff complained about Sabah to Defendant's human resources department on multiple occasions prior to her termination. [Doc. 1, ¶¶64-68] However, Defendant Stratosphere failed to initiate any sort of investigation of Sabah or take any remedial action to protect Plaintiff. [Doc. 1, ¶¶78-88] Instead, Defendant chose to terminate Plaintiff based upon Sabah's recommendation, immediately following a rejection of his advances by Plaintiff. [Doc. 1, ¶¶54-62]

**Argument**

The allegations of Plaintiff's Complaint, when accepted as true and viewed in their entirety as required on a Motion to Dismiss, provide Defendant with proper notice of her claims for gender discrimination, assault & battery, and IIED. Further, Defendant is not entitled to preemption under the IHRA where Plaintiff's state claims are not inextricably linked to her IHRA claims. Finally, Defendant is not entitled to preemption under the Illinois Workers' Compensation Act ("IWCA"),

where Plaintiff's injuries are not compensable under the IWCA and where Defendant Stratosphere ratified Defendant Sabah's misconduct by allowing him to act as its alter ego.

## I. Legal Standard

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990)(citation omitted). A court, in ruling on a motion to dismiss under Federal Rule 12(b)(6), "construe[s] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007). A complaint need only allege enough facts to give Stratosphere "fair notice of what the claim is and the grounds upon which it rests . . . . [and] plausibly suggest that . . . plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Tamayo,* 526 F.3d at 1084 (quoting *EEOC. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "In federal court under Rule 8, the rules are simple: Notice is what counts. Not facts; not elements of 'causes of action'; not legal theories." *Hefferman v. Bass,* 467 F.3d 506, 600(7th Cir. 2006). As the Seventh Circuit stated in *Lang v. TCF Nat'l Bank,*

> [w]e have distinguished notice pleading from evidentiary proof by stressing that '[f]acts that substantiate the claim must ultimately be put into evidence, but the rule 'plaintiff needs to prove fact Y' does not imply 'plaintiff must allege Fact Y at the outset. Further, we have admonished that '[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain...' should stop and think: What rule of law *requires* a complaint to contain that allegation?''

*Lang v. TCF Nat'l Bank,* 249 Fed.Appx. 464, 466 (7th Cir. 2007)(citing *Doe v. Smith,* 429 F.3d 706, 708 (7th Cir. 2005)(emphasis in original)).

## II. Plaintiff Has Properly Pleaded All of Her Claims

### A. Defendant has Sufficient Notice of Plaintiff's Gender Discrimination Claim

Stratosphere acknowledges that Plaintiff has met the requirement for pleading a claim of sex discrimination. "[A] complaint alleging sexual discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." [Doc. 25, p.12 (quoting *Tober-Purze v. City of Evanston*, 2013 U.S. Dist. LEXIS 119109, *6 (N.D.Ill. Aug. 21, 2013)(citing *Tamayo*, 526 F.3d at 1084)[1]]. Stratosphere has sufficient notice that Plaintiff is in a protected class because of her gender, and that she believes that she was disciplined and terminated based on her gender. [Doc. 1, ¶¶99, 100, 101, and 105] Moreover, Plaintiff's allegations of sexual harassment support her claim for gender discrimination. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986)("Without question, when a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor "discriminate[s]" on the basis of sex."). Accordingly, Plaintiff has provided Defendant sufficient notice of the basis for her gender discrimination claim.

Moreover, Defendant's reflexive insistence on Plaintiff establishing a prima facie case is inappropriate on a 12(b)(6) motion, as the Supreme Court has "never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that the plaintiffs must satisfy in order to survive a motion to dismiss." *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, at 511 (2002)("notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues"); *see Twombly*, 550 U.S. at 547 (affirming applicability of *Swierkiewicz*). Indeed, "[a] complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer*, 131 S. Ct. 1289,

---

[1] All unpublished Lexis-Nexis opinions are attached as Exhibit A.

4

1296 (2011). Plaintiffs' factual allegations are not exhaustively pleaded, as they need not be at this stage, and the scope of permissible allegations will properly get fleshed out in discovery. *Newman v. Apex Fin. Group, Inc*., 2008 U.S. Dist. LEXIS 2249, *5 (N.D. Ill. Jan. 11, 2008)("a plaintiff need not plead an exhaustive list of facts to state a valid claim"); *Washington v. Ass'n. for Individual Dev.,* 2009 U.S.Dist. LEXIS 101591, *18 (N.D. Ill. 2009)(denying in large part FRCP 12(b)(6) motion to dismiss and FRCP 12(e) motion for more definite statement, stating that "[d]efendant may probe the exact contours of Plaintiff's allegations through discovery").

Finally, Defendant's reliance on the summary judgment decision in *Lord v. High Voltage Software* is misplaced. 2013 U.S. Dist. LEXIS 161525 (N.D.Ill. Nov. 13, 2013). First, the summary judgment ruling in *Lord* is inapplicable to the instant 12(b)(6) motion; indeed, as discussed above, Plaintiff is under no obligation at the pleadings stage to "demonstrate that male comparators actually exist," as Defendant asserts. [Doc. 25, p.13] Second, *Lord* is inapplicable because it discussed a claim was for same-sex sexual harassment, for which the male plaintiff was required to prove – after exploring the issues in discovery – that his male co-workers' comments and unwanted touching were motivated by the male plaintiff's gender, as opposed to personal animus or simply being commonplace horseplay. *Lord,* 2013 U.S. Dist. LEXIS 161525, *6-8; *see also Oncale v. Sundowner Offshore Servs.,* 523 U.S. 75 (1998). Plaintiff has properly stated a claim for gender discrimination, and accordingly Defendant's motion to dismiss should be denied.

### B. Stratosphere is Liable for Defendant Sabah's Assault & Battery

Stratosphere does not dispute that a breach of an individual's legal duty to refrain from touching another person without consent constitutes assault & battery. *Pechan v. DynaPro, Inc*., 251 Ill.App.3d 1072, 1083-1084 (Ill.App. 1993). Further, Stratosphere does not dispute that Defendant Sabah's persistent unwanted touching of Plaintiff – including touching his penis to her

buttocks or hip, groping his chest, and putting his arms around her waist – constitutes an assault & battery. Instead, Stratosphere asserts that it cannot be held liable for Defendant Sabah's tortious conduct because Sabah was not its employee.

Stratosphere ignores its duty to protect its employee from harassment in the workplace, regardless of the employment status of the harasser. "The employer's responsibility is to provide its employees with nondiscriminatory working conditions. The genesis of inequality matters not; what does matter is how the employer handles the problem." *Dunn v. Washington*, 429 F.3d 689, 691 (7th Cir. 2005); see also *Benitez v. Am. Std. Circuits, Inc*., 678 F. Supp. 2d 745 (N.D. Ill. 2010)("[A]n employer who has reason to know that one of his employees is being harassed in the workplace by others . . . and does nothing about it, is blameworthy."); *Fondrliak v. Commonwealth Edison*, *Fondrliak v. Commonwealth Edison*, 1999 U.S. Dist. LEXIS 1000, *7-10 (holding that the employer may be liable for the intentional injuries suffered by the plaintiff where it "had the practical ability to head off the injury" to the plaintiff,). The employer's responsibility extends to cover not only the conduct of its employees but its agents, as "the ultimate concern is with confining the employer's or principal's liability to the general class of cases in which he has the practical ability to head off the injury to his employee's, or other agent's, victim." *Shager v. Upjohn*, 913 F.2d 398, 405 (7th Cir. 1990). By example, the court in *Dunn* (429 F.3d at 691) describes the full extent of an employer's responsibility to protect its employees:

> Suppose a patient kept a macaw in his room, that the bird bit and scratched women but not men, and that the Hospital did nothing. The Hospital would be responsible for the decision to expose women to the working conditions affected by the macaw, even though the bird (a) was not an employee, and (b) could not be controlled by reasoning or sanctions. It would be the Hospital's responsibility to protect its female employees by excluding the offending bird from its premises.

Indeed, beyond the Illinois and federal law regarding protection of employees, Defendant Stratosphere may have created a duty to protect its employees from assault & battery by clients or

6

other individuals on a worksite through its formal and informal policies. Plaintiff has made sufficient allegations of the Sabah's management role and/or principal-agent relationship with Stratosphere. [Doc. 1, ¶¶16-31] Plaintiff is entitled to explore in discovery Stratosphere's obligation to not only protect her from assault & battery at the outset, but also its failure to investigate and attempt to remedy the incidents of assault & battery witnessed by Defendant's managers. Accordingly, it would be premature to dismiss Plaintiff's assault & battery claims at this stage of the litigation.

### C. Defendant Has Sufficient Notice of the Basis for Plaintiff's IIED Claim

Defendant claims that plaintiff has not made sufficient allegations to support a claim for IIED. Defendant claims its failure to respond to Plaintiff's complaints of Sabah's unwanted touching and the termination of Plaintiff's employment at the request of her harasser "are not, as a matter of law, extreme or outrageous." However, Defendant presents no basis for this claim, as none of the five cases it cites involve an assault & battery. [Doc. 25, p.10-11] *see Harrison v. Chicago Tribune*, 992 F.2d 697 (7th Cir. 1993)(IIED claim where plaintiff only alleged minor instances of harassment that did not involve unwanted touching); *Ekekhor v. Aon Serv. Corp.*, 2006 U.S. Dist. LEXIS 60656 (N.D.Ill. Aug. 9, 2006)(IIED claim arising from a failure to promote claims, where there were no allegations of unwanted touching); *Schroeder v. RGIS, Inc.,* 2013 IL App (1st) 122483 (Ill.App. June 13, 2013)(IIED claim for retaliation stemming from the plaintiff's complaints about verbal harassment based on sexual orientation, with no allegations of an assault and battery); *Bogie v. PAWS Chi.*, 914 F. Supp. 2d 913 (N.D. Ill 2012) (IIED and NEID arising out of claims of sex discrimination, retaliation, and contract fraud, with no allegations of unwanted touching); *McKay v. Town & Country Cadillac*, 991 F. Supp. 966 (N.D.Ill. 1997)(IIED claim

7

where the only allegations of misconduct were verbal harassment, taking away company car, docking pay, and termination, with no allegations of unwanted touching).

Moreover, Plaintiff's allegations go beyond Defendant's assertion that its conduct was a mere failure to respond to complaints and termination of Plaintiff's employment. Plaintiff endured months of unwanted touching (which was witnessed by at least one of Defendant's managers), complained about Sabah on multiple occasions, and was subsequently terminated at the request of her harasser. [Doc. 1, ¶¶54-68, 78-88] These allegations provide Defendant sufficient notice that the conduct she alleges is extreme and outrageous and that it would be regarded as intolerable in a civilized society. *Benitez*, 678 F.Supp.2d at 767 (denying summary judgment on IIED claim based on manager's assault & battery of subordinate); see *Honaker v. Smith*, 256 F.3d 477, 491 (7th Cir. 2001) ("courts have found extreme and outrageous behavior to exist in the employer/employee context where the employer clearly abuses the power it holds over an employee"). Plaintiff has properly pled her claim for IIED, and Defendant's Motion to Dismiss pursuant to 12(b)(6) for failure to state a claim should be denied in its entirety.

**III.     The Court Has Subject Matter Jurisdiction Over Plaintiff's State Claims**

Defendant asserts that Plaintiff's state law claims of assault & battery and IIED are preempted by the IHRA and IWCA, and thus the Court lacks subject matter jurisdiction to hear these claims. Defendant Stratosphere fails to acknowledge that Plaintiff can establish all of the elements of both claims separate from her claims of sex discrimination, and thus the claims are not preempted by the IHRA. Defendant further ignores that Plaintiff's injuries are not compensable under the IWCA and that her injuries were not accidental, precluding IWCA preemption.

### A. The IHRA Does Not Preempt Plaintiff's State Claims

The IHRA does not create an absolute bar to all tort claims related to the civil rights violations. 775 ILCS §5/2-102(D); *Maksimovic v. Tsogalis*, 687 N.E.2d 21 (Ill. 1997). Instead, tort claims related to civil rights violations are not preempted by the IHRA "if the conduct would be actionable even aside from its character as a civil rights violation."*Naeem v. McKesson Drug Co.*, 444 F.3d 593, 604 (7th Cir. 2006). The proper inquiry becomes not whether the facts that support the claim could also support a discrimination claim, as Stratosphere asserts, but whether the plaintiff can prove the tort's elements independent of legal duties prescribed by the IHRA. *Naeem,* 444 F.3d at 604-605 (denying preemption where plaintiff's claim for IIED "rests not just on behavior that is sexually harassing, but rather behavior that would be a tort no matter what the motives of the defendant."). Part of the fact intensive inquiry is to determine whether the conduct is "a long-recognized tort action" which exists "wholly separate and apart" from a cause of action under the IHRA. *Maksimovic*, 117 Ill. 2d at 517. Rule 12(b)(1) and (6) motions are subject to the same standard whereby all well-pleaded factual allegations of the complaint are taken as true, drawing all reasonable inferences in plaintiff's favor. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2002). Accordingly, Plaintiff has made sufficient allegations indicating that her assault & battery and IIED claims are based on legal duties separate from Defendant's duties under the IHRA, and Defendant Stratosphere's 12(b)(1) Motion to Dismiss should be denied.

Plaintiff's claims of assault & battery and IIED are not preempted because Stratosphere has breached legal duties separate from its duties under the IHRA. There are many different scenarios where a tort claim will not be preempted by the IHRA. For example a valid tort claim for assault and battery exists, regardless of whether it is in the employment context, because

9

individuals have a legal duty to refrain from touching another person without consent. *Pechan,* 251 Ill.App.3d at 1083-1084. As courts have found, where an individual person has a duty to refrain from touching others without consent, a breach of this duty is a tort irrespective of duties imposed by the IHRA. *Benitez,* 678 F.Supp.2d at 767-768; *Fondrliak* 1999 U.S. Dist. LEXIS 1000, *10-12. Plaintiff alleges Defendant witnessed and failed to stop Sabah from engaging in unwanted touching on numerous occasions. [Doc. 1, ¶¶84-88] These allegations, without any reference to or reliance on Title VII or the IHRA and regardless of whether the actions taken by Sabah were motivated by his sexual desire, constitute an assault and battery. *Benitez*, 678 F.Supp.2d at 767-768. Put another way, even if the sexual element of Sabah's unwanted touching was removed, Plaintiff would still have a valid claim of assault & battery against Defendants. Accordingly, IHRA preemption is inappropriate.

The same reasoning and analysis precluding preemption of her assault & battery claims applies to Plaintiff's IIED claims. The *Naeem* decision approved of the reasoning in a line of court cases in which a district court centered its preemption decision on the legal duty the defendant allegedly violated. 444 F.3d at 603, n.4 (citing *Arnold v. Janssen Pharmaceutica, Inc.,* 215 F.Supp.2d 951, 955 (N.D. Ill. 2002)("[T]he duty not to intentionally and knowingly inflict severe emotional distress derives from common law, not statutory law. That extreme and offensive conduct might also constitute sexual harassment . . . under state or federal civil rights laws does not affect the viability of a tort claim for intentional infliction of emotional distress."); *Creighton v. Pollmann N. Am., Inc*., 2008 U.S. Dist. LEXIS 102300, *7-10 (N.D. Ill. Dec. 18, 2008)(denying IHRA preemption of IIED claim); *Spahn v. Int'l Quality & Productivity Ctr.*, 211 F.Supp.2d 1072, 1076 (N.D.Ill 2002)("[T]he critical analysis focuses on legal duties, not facts."); *Roberts v. County of Cook*, 213 F.Supp.2d 882, 887 (N.D. Ill. 2002)(retaining subject matter jurisdiction over an

IIED claim coupled with a discrimination claim, even though both contained sexual elements, because "[i]ntentional infliction of emotional distress is a 'long recognized' tort action that exists independently of a cause of action under the IHRA."). A jury could find that the Defendant's conduct directed at Plaintiff, as alleged by Plaintiff throughout her complaint, would support a claim for IIED even if Plaintiff were unable to prove the conduct was motivated by retaliation or her sex.

Plaintiff's claim for IIED is similar to plaintiff's claim in *Vince v. Ill. Cent. Sch. Bus, LLC,* where the court denied the defendant's motion for summary judgment based on IHRA preemption. 2011 U.S. Dist. LEXIS 12858 (N.D. Ill. Feb. 9, 2011). In *Vince*, the court denied defendant's preemption argument during summary judgment, finding that plaintiff's claim for IIED was not inextricably linked with her sexual harassment claim where plaintiff complained to the defendant about the manager's assault and battery – actions which could be considered sexual harassment – and defendant took no action to remedy plaintiff's complaints. 2011 U.S. Dist. LEXIS 12858, *43-47. These are strikingly similar allegations as presented in this matter, except that in this matter Defendant actually witnessed incidents of assault and battery by Plaintiff's manager – in addition to her complaints - and yet still took no action to remedy Plaintiff's injury. Even without reference to the IHRA a reasonable jury could find that Defendant's conduct was outrageous, and as such Stratosphere's motion to dismiss Plaintiff's state claims based on IHRA preemption must be denied.

### B. The IWCA Does Not Preempt Plaintiff's State Claims

Defendant is not entitled to preemption under the IWCA. The IWCA does not provide an exclusive remedy for all injuries suffered in the workplace, and "the IWCA does not automatically bar common law claims against an employer." *J.L. Fortenberry v. United Air Lines*, 1997 U.S.

Dist. LEXIS 11751, *12 (N.D.Ill. Aug. 7, 1997)(citing *Johnson v. Federal Reserved Bank of Chicago*, 199 Ill.App.3d 427, 433-434 (Ill.App.Ct. 1990)). Preemption of torts under the IWCA may be avoided by demonstrating "(1) that the injury was not accidental; (2) that the injury did not arise from his or her employment; (3) that the injury was not received during the course of employment; **or** (4) that the injury was not compensable under the Act." *Meerbrey v. Marshall Field and Co.*, 139 Ill. 2d 455, 463 (1990)(emphasis added).

### i. Plaintiff's Emotional Distress Is Not Compensable Under the Act

Defendant argues that Plaintiff's injury was not accidental, and thus should be preempted. However, Defendant ignores that Plaintiff can avoid preemption if the injury suffered is not compensable under the IWCA. Indeed, the IWCA does not cover the emotional distress injuries alleged in this case. *See Johnson,* 199 Ill.App.3d at 433 (the IWCA remedy for intentional infliction of emotional distress "**applies only** to vexatious delay in handling workers' compensation claims.")(emphasis added). Moreover, IWCA only compensates employees for psychological injuries which result in medical bills and temporary or permanent, partial or total disability. *see Pathfinder Co., v. The Industrial Comm'n*, 62 Ill.2d 556, 562 (1976)(finding that "sudden, severe emotional shock" which "produces psychological disability" is compensable under the IWCA; *General Motors Parts Division v. The Industrial Commission*, 168 Ill.App.3d 678, 688-689 (Ill.App.Ct. 1988)(concluding that "*Pathfinder* authorizes an award of benefits **only** when an employee suffers a sudden severe emotional shock which produces immediate disability.")(emphasis added).

In this case, plaintiff has not made any allegations that the injuries she suffered as a result of Defendant's conduct rendered her temporarily or permanently disabled. Instead, Plaintiff seeks damages for the "extreme mental anguish, outrage, severe anxiety about her future and her ability

to support herself, shameful embarrassment among her friends, colleagues, and co-workers, damage to her reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life" [Doc. 1, ¶143], none of which are compensable under the IWCA. Since the Plaintiff did not suffer an immediate disability, her injuries are not compensable under the act and therefore the IWCA does not preempt her state law claims.

### ii. Plaintiff's Injuries Were Not Accidental

The IWCA only compensates employees for injuries which are accidental. Under the IWCA, "injuries which the employer or its alter ego intentionally inflicts upon an employee" are not accidental. *Meerbrey*, 139 Ill. 2d at 464. Defendant's argument that Sabah's unwanted touching was "accidental" ignores that Illinois Courts have found that an employee acting in a managerial capacity can be an employer's alter ego for the purposes of the IWCA.

Courts routinely find that IWCA preemption is inappropriate where an employee acting in a managerial capacity can be an employer's alter ego. In *Johnson v. Federal Reserve Bank of Chicago*, the plaintiff alleged his managers intentionally engaged in abusive behavior and purposely inflicted severe emotional distress as retaliation for the plaintiff publicly revealing his employer's banking procedure violations. 199 Ill.App. 3d at 430-431 (Ill.App.Ct. 1990). The court ultimately found the managers were the employer's alter egos because the plaintiff alleged his managers had engaged in intentional conduct while acting in their capacity as managers, and "therefore as the alter ego of the Bank." *Id.* at 434. In *Toothman v. Hardee's Food Systems, Inc.*, *et al*, multiple plaintiffs filed claims of false imprisonment and assault and battery against their former employer. 304 Ill.App.3d 521, 524-526 (Ill. App. Ct. 1999). At trial, the evidence of the general manager's responsibilities and job duties persuaded the *Toothman* court to find that "an employee can be considered the alter ego of a corporation by having authority to control the

policies and procedures of the corporation as an officer, shareholder, **or manager** of the corporation." *Id.* at 529(emphasis added). The *Toothman* court further noted that a second "way in which a managerial employee is found to be the alter ego of her employer is through evidence that the manager was in a position of authority over other employees and the employer knew of or allowed the injurious conduct or knew there was a substantial likelihood that injurious conduct would occur." *Id*. at 530. In that situation, the "employer has constructively authorized any and all of the actions of its manager and cannot shield itself from common law liability via the beneficial provisions of the Act." *Id.* at 530- 531. Similarly, the court in *Quela v. Payco-General Am. Credits, Inc*., denied a 12(b)(1) motion to assault & battery claims where the plaintiff alleged that a manager sexually harassed her, finding that the plaintiff had made proper allegations that her harasser acted as the "alter ego" of the defendant. 84 F. Supp. 2d 956, 959-960 (N.D.Ill. 2000). The court further found that the plaintiff's allegation that defendant's management knew of the harassment and failure to take remedial action was "equivalent to express authorization of injurious conduct." 84 F. Supp. 2d at 959-960; *see also Mobley v. Kelly Kean Nissan, Inc.*, 864 F. Supp. 726, 730 (N.D. Ill. 1993)(holding that assault & battery and IIED claims were not preempted by IWCA); *Cline v. General Elec. Capital Auto Lease, Inc.*, 757 F. Supp. 923, 931 (N.D.Ill. 1991)(no IWCA preemption where tolerance of harasser's behavior because of his department performed well constituted ratification of his mistreatment of employees); *Creighton*, 2008 U.S. Dist. LEXIS 102300, *7-10 (denying IWCA preemption of IIED claim).

      In the case at bar, the Plaintiff's Complaint contains allegations that a managerial employee was the defendant's alter ego for purposes of the IWCA. In her assault and battery and IIED claims, Plaintiff alleges that Sabah was a supervisory and managerial employee under Title VII and the Illinois Human Rights Act, with authority to terminate Plaintiff, direct her daily tasks, and

supervise her job performance. [Doc. 1, ¶15, 23-25] Plaintiff further alleges she attempted to report Sabah's conduct to Stratosphere in August 2012 and on September 22, 2012 [Doc. 1, ¶¶64-68], and even that at least one of Stratosphere's managers and other employees had witnessed Sabah's conduct [Doc. 1, ¶¶84-88] Defendant not only failed to respond to Plaintiff's complaints about Sabah, but terminated Plaintiff upon Sabah's request, thereby fully ratifying his behavior. Accordingly, where Sabah acted as the alter ego of Stratosphere his actions cannot be considered accidental, and there is no preemption under the IWCA.

## Conclusion

Plaintiff has made sufficient allegations providing Defendant notice of her claims of gender discrimination, assault & battery, and IIED against Defendant Stratosphere. Furthermore, Plaintiff's state claims are not inextricably linked to her claims of sexual harassment, precluding preemption by the IHRA. Finally, Defendant is not entitled to preemption under the IWCA where Sabah acted as its alter ego and where Plaintiff's injuries are not compensable under the IWCA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court Deny Defendant Stratosphere's Partial Motion to Dismiss in its Entirety.

                                                         Respectfully submitted,
                                                         MICHELE NISCHAN

                                                         /s/ Jacob B. Shorr
                                                         Jacob Shorr

Uche O. Asonye – 6209522
Jacob B. Shorr – 6300859
ASONYE & ASSOCIATES
100 N. LaSalle Street, Suite 2115
Chicago, Illinois 60602
(312) 795-9110 (ph)
jacob@aa-law.com