IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MICHELE NISCHAN, | ) | |
| | ) | Case No.: 13-cv-50389 |
|     Plaintiff, | ) | |
| | ) | Judge:  Frederick J. Kapala |
| v. | ) | |
| | ) | Magistrate Judge:  Iain D. Johnston |
| STRATOSPHERE QUALITY LLC, CHRYSLER | ) | |
| MOTOR GROUP LLC, and ABBAS SABAH | ) | Jury Demanded |
| | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT ABBAS SABAH
<u>MOTION TO DISMISS</u>**

Plaintiff, by her counsel, respectfully submits the following Response in Opposition to Defendant Abbas Sabah's Motion to Dismiss.

**<u>Introduction</u>**

Plaintiff has filed a five-count Complaint alleging that each of the Defendants is liable for Sexual Harassment in violation of Title VII and the Illinois Human Rights Act ("IHRA") (Count I), Gender Discrimination in violation of Title VII and the IHRA (Count II), Retaliation in violation of Title VII and the IHRA (Count III), Intentional Infliction of Emotional Distress ("IIED) (Count IV), and Assault & Battery (Count V).

Defendant Sabah has moved to dismiss Counts I, II, and III, asserting that there is no individual liability under Title VII or the IHRA.  Defendant Sabah additionally copies verbatim Defendant Chrysler's argument that Counts IV and V should be dismissed due to preemption by the IHRA.  Defendant Sabah's arguments are without merit, and his Motion to Dismiss should be denied as follows.

1

**Background**

Plaintiff worked for Defendant Stratosphere and Defendant Chrysler between June 2012 and September 2012. [Doc. 1, ¶¶16-31] On multiple occasions throughout her employment, Defendant Sabah, the manager in charge of the lot Plaintiff worked on and an employee of Chrysler, engaged in the following unwanted conduct: hugging Plaintiff while moaning [Doc. 1, ¶¶21, 36-37]; coming up behind Plaintiff and touching his penis to her buttock or hip, while moaning [Doc. 1, ¶41]; putting his arms around Plaintiff's chest, moaning, and telling Plaintiff that "they are really firm" [Doc. 1, ¶43]; asking Plaintiff if she could handle and/or liked "small, medium or large," referring to penis size [Doc. 1, ¶44]. Plaintiff rejected each and every of Sabah's unwanted sexual advances. [Doc. 1, ¶¶ 38, 40, 42, 43, 45, 49, 51, 56] Sabah then directed Defendant Stratosphere to terminate Plaintiff, because she rejected his advances and harassment. [Doc. 1, ¶¶103]

**Argument**

I.  **Individual Liability Under Title VII and the IHRA**

Defendant Sabah asserts that his Title VII claims should be dismissed because there is no individual liability under Title VII. Plaintiff agrees with this interpretation of Title VII, and hereby voluntarily dismisses those portions of Counts I, II, and III against Defendant Sabah to the extent they are based upon violations of Title VII. Plaintiff does not dismiss Counts I, II, and III against Sabah to the extent they are based upon Sabah's individual liability under the IHRA. Plaintiff does not dismiss Counts I, II, and III against Defendant Stratosphere and Defendant Chrysler pursuant to Title VII and the IHRA.

Defendant Sabah is wrong that there is no individual liability under the Illinois Human Rights Act. Simply, the Illinois Human Rights Act expressly states that claims for sexual

harassment and retaliation may be maintained against individuals. The IHRA forbids "any employer, **employee, agent of any employer**, employment agency or labor organization to engage in sexual harassment." 775 ILCS 5/2-102(D)(emphasis added).

Thus a sexual harassment charge may be filed against the specific supervisor, coworker, or other person allegedly committing or permitting the wrongful conduct. see *In re Langa & Kelly*, Charge No. 1991SN0215, *1 (IHRC May 26, 1995)("Unlike most other types of discrimination, individuals (as well as employers) may have liability under the Human Rights Act. Under §2-102(D), sexual harassment is illegal when perpetrated by an employer, an employee, or an agent of an employer.")[1]; *In re: John L. Schroeder and Thomas & Betts Company, Jim Murray, and Richard Herwig* 1993CA2747, *2 (IHRC May 7, 1995)("under Section 2-102(D) of the Human Rights Act, the General Assembly made agents of employers liable for sexual harassment); *In re: Matter of Sandra Lee and American Pet Care Company* Charge No. 1993CN0436, *1 (IHRC April 5, 1994)("Under Section 2-102(D) of the Human Rights Act, not only is the employer liable, but the employee who committed the sexual harassment may be sued individually.")

Not surprisingly, Defendant Sabah fails to cite a single case where a court actually held that dismissal of an individual defendant was appropriate on a claim of sexual harassment due to lack of individual liability under the IHRA. *see Robertson v. Lofton*, 2013 U.S. Dist. LEXIS 153406 (N.D. Ill. Oct. 25, 2013)(concerning an IHRA claim of race discrimination, with no claims for sexual harassment or retaliation)[2]; *Demars-Evans v. Mikron Digital Imaging-Midwest, Inc.*, 2013 U.S. Dist LEXIS 89150 (N.D.Ill. June 25, 2013)(dismissing a claim of sexual harassment dismissed as time-barred); *Zayadeen v. Abbott Molecular, Inc.*, 2013 U.S. Dist. LEXIS 12135

---

[1] All Illinois Human Rights Commission Decisions attached as Exhibit B.
[2] All unpublished Lexis-Nexis opinions attached as Exhibit A.

(N.D. Ill. Jan. 30, 2013)(concerning a claim of racial harassment, with no claims of sexual harassment); *Watkins v. Office of the State Appellate Defender*, 2012 IL App (1st) 111756 (Ill.App. 2012)(no claim of sexual harassment); *Wierciszewski v. Granite City Ill. Hosp. Co., LLC*, 2011 U.S. Dist. LEXIS 45837 (S.D. Ill. Apr. 28, 2011)(dismissing plaintiff's claims, which did not include sexual harassment,. due to failure to exhaust administrative remedies and because the complaint is "devoid of substantive allegations of wrongdoing by [the named individual]"); *Washington v. Univ. of Ill. at Chi*., 2010 U.S. Dist. LEXIS 33781 (N.D. Ill. Apr. 2, 2010)(concerning a claim for race and age discrimination, with no claims for sexual harassment or for retaliation); *Anderson v. Modern Metal Prods.*, 305 Ill.App.3d 91, *102 (1Ill.App. 1999)(no claim for sexual harassment). There can be no legitimate dispute that under the IHRA Sabah can be held individually liable for his sexual harassment of Plaintiff.

Similar to §102(D), 775 ILCS 5/6-101 of the IHRA allows for individual liability for retaliating against a plaintiff. §6-101 states as follows: It is a civil rights violation for a person, or for two or more persons to conspire, to: (A) Retaliate against a person because he or she has opposed…unlawful discrimination, sexual harassment in employment…(B) Aiding and Abetting; Coercion. Aid, abet, compel or coerce a person to commit any violation of this Act." The Illinois Human Rights Commission and Illinois courts have identified the scenario in which individuals can be held personally liable for retaliation: where the individual is personally motivated and either acts not in the name of the employer or acts without the knowledge and/or consent of the employer. *see Parker v. Ill. Human Rights Comm'n,* 2013 U.S. Dist. LEXIS 153881 (N.D. Ill. Oct. 25, 2013); *In re: Guillermo Binghay and Scott Clemons*, Charge No.: 1991CN2356, *1 (IHRC May 27, 1994)("it is possible for a company official to retaliate against someone personally").

Two cases cited by Defendant, *Demars-Evans* and *Watkins*, demonstrate the road map Plaintiff may follow to prove - following discovery in this matter - Sabah's individual liability for retaliation. In *Demars*, the court found that although the individual's liability was not foreclosed as a matter of law, the plaintiff had failed to allege any facts of specific retaliation. *Demars-Evans,* 2013 U.S. Dist LEXIS 89150, *11-14. Similarly in *Watkins*, dismissal was warranted not as a matter of law, but because Plaintiff had failed to allege that the retaliation was "personally motivated" or "done without the knowledge or consent of the employer." *Watkins*, 2012 IL App (1st) 111756, **30-31.

Plaintiff's allegations regarding Sabah's unwanted touching and subsequent termination of Plaintiff for her refusals to his sexual advances is an example of the scenario of individual liability for retaliation described by the courts. Plaintiff has alleged Sabah's personal motivation for directing her termination: that she rejected his advances and harassment and that she complained about his unwanted touching. [Doc. 1, ¶¶103, 112, 123] On a FRCP 12 motion to dismiss, Plaintiff's allegations must be taken as true. *United Phosphorus, Ltd. v. Angus Chem. Co.,* 322 F.3d 942, 946 (7th Cir. 2002). Furthermore, while Plaintiff has alleged that all of the Defendants aided and abetted each other and acted in concert to terminate Plaintiff, the exact parameters of the decision to terminate has not been explored yet in discovery. Indeed, Plaintiff's allegation is Stratosphere terminated Plaintiff at the direction of Sabah, even though Stratosphere was not Sabah's employer. [Doc. 1, ¶¶118-119, 122-125] Plaintiff is entitled to discover evidence regarding whether Sabah did not act in the name of the employer and/or what Chrysler's knowledge of Sabah's decision to terminate. It is premature to dismiss Plaintiff's claim for retaliation against Sabah on a FRCP 12 motion to dismiss.

Finally, Defendant Sabah and his counsel deliberately mislead the Court on the IHRC's findings regarding individual liability under the IHRA, presenting to the Court the following citation: [Doc. 39, p.3]

> [u]nder the Human Rights Act, a complainant may sue only his or her 'employer,' as opposed to his [or her] supervisors in his or her individual capacity…"

However, as the HRC makes clear in *In re: Kuna-Jacob*, it is reviewing individual liability under § 2-102(A) of the Human Rights Act, not § 2-102(D). *In re: Kuna-Jacob and Roesch, Van Tuyle, School Board, North Greene Cusd #3,* Charge No. 2006 SF 3501, *5 (IHRC March 17, 2009). The citation presented by Defendant Sabah and his counsel actually reads:

> Under the Human Rights Act, a complainant may sue only his or her "employer," as opposed to his supervisors in his or her individual capacity, **for unlawful discrimination based on his sexual orientation, mental handicap and religion."**
>
> *In re: Kuna-Jacob,* Charge No. 2006 SF 3501, *2.

There simply can be no explanation from Defendant Sabah or his counsel for why they so deliberately misled the Court in this manner. Such deliberate obfuscation of the legal principles at issue warrants denial of Sabah's Motion to Dimiss.

### A. The Illinois Human Rights Act Does Not Preempt Plaintiff's State Claims

Defendant Sabah has chosen to copy verbatim Defendant Chrysler's argument on the issue of IHRA pre-emption [Doc. 30, §II]. Defendant Sabah has not presented any new argument regarding Plaintiff's state law claims. [Doc. 39, §IV] Accordingly, Plaintiff incorporates by reference herein her Argument against IHRA pre-emption in her Response In Opposition To Defendant Chrysler Motor Group LLC's Partial Motion to Dismiss. [Doc. 51, §§I, I.A., I.B, and II, pp.2-7] Furthermore, by relying solely on Chrysler's 12(b)(1) motion for pre-emption, Sabah has raised no argument pursuant to 12(b)(6) for failure to state a claim and has thereby waived the

6

ability to raise such argument on Reply. *Wilson v. O'Leary*, 895 F.2d 378, 384 (7th Cir. Ill. 1990)("We have consistently refused to consider arguments withheld until the reply brief").

Finally, Plaintiff notes that Defendant Sabah has presented untenable, conflicting defenses. If Sabah has no individual liability under the IHRA, then he cannot draw upon the exclusivity provision of the IHRA for protection. Put another way, if Plaintiff cannot as a matter of law state a claim against Sabah under the IHRA, then her state law claims cannot be pre-empted by the IHRA.

## **Conclusion**

The IHRA expressly states that an individual, such as Sabah, can be found liable for his sexual harassment and retaliation against Plaintiff. Such a principle is so steadfast that Defendant Sabah is forced to intentionally mislead the Court. Regardless, Plaintiff has raised sufficient allegation of the basis for Sabah's individual liability under the IHRA, and Plaintiff is entitled to explore her claims through discovery. Moreover, Plaintiff's state law claims are not pre-empted by the IHRA. Defendant Sabah's Motion to Dismiss should be denied as described herein.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court Deny Defendant Sabah's Motion to Dismiss as described herein.

    Respectfully submitted,
    MICHELE NISCHAN


    /s/ Jacob B. Shorr
    Jacob Shorr

Uche O. Asonye – 6209522
Jacob B. Shorr – 6300859
ASONYE & ASSOCIATES
100 N. LaSalle Street, Suite 2115
Chicago, Illinois 60602
(312) 795-9110 (ph)
jacob@aa-law.com